**Jun REN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–71349.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007 *.

Filed Jan. 3, 2008.

Danning Jiang, Esq., Law Offices of Danning Jiang, San Jose, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Donald A. Couvillon, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE and FISHER, Circuit Judges.

## MEMORANDUM **

Jun Ren, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

The record does not compel the conclusion that Ren's untimely filing of his asylum application should be excused. *See* 8 C.F.R. § 208.4(a)(5).

We review for substantial evidence the IJ's and BIA's denial of Ren's withholding of removal claim on the basis on an adverse credibility finding. *Malhi v. INS,* 336 F.3d 989, 992 (9th Cir.2003).

Substantial evidence supports the IJ's and BIA's denial of the withholding of removal claim based on an adverse credibility determination. Ren testified inconsistently with the testimony he gave at the asylum interview regarding whether he was arrested and harmed in China, and regarding significant details of the harm he allegedly suffered. *See Pal v. INS,* 204 F.3d 935, 940 (9th Cir.2000).

Ren's CAT claim also fails because it is based on the same testimony that the IJ and BIA found not credible, and Ren points to no other evidence that he could claim the IJ and BIA should have considered. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003).

We conclude that Ren's due process rights were not violated by the IJ's decision to admit the asylum officer's assessment and notes, because their admission did not make the hearing "so fundamentally unfair that [Ren] was prevented from reasonably presenting his case." *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000).

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

